IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM OMAR MCCOY, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:98-CR-0229-TWT-GGB-1 |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:13-CV-4081-TWT-GGB |

**FINAL REPORT AND RECOMMENDATION**

Movant, William Omar McCoy, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 125]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined Movant's § 2255 motion and the record in this case and find it plainly apparent that Movant is not entitled to relief for the reasons explained below.

## I. Background

Movant was convicted by a jury in this Court on November 4, 1998, of drug related offenses. [Doc. 79]. Movant was sentenced on January 13, 1999, to 240 months of imprisonment. [Docs. 90, 91]. Movant appealed, and on November 23, 1999, the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. [Doc. 94].

On October 25, 2000, Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and this motion was denied on April 24, 2002. [Docs. 96, 111]. On April 21, 2008, Movant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), and the Court denied the motion on June 19, 2008. [Docs. 114, 119].

On December 9, 2013, Movant filed a second § 2255 motion. [Doc. 125]. For the reasons discussed below, I recommend that this motion be denied as successive.

## II. Discussion

Movant's § 2255 motion is subject to dismissal because Movant has already filed, and this Court has considered, a § 2255 motion challenging his conviction and sentence. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

2

an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, Movant must now seek authorization from the Eleventh Circuit to file a successive § 2255 motion in this Court. Because Movant has not obtained authorization, this Court lacks jurisdiction to consider his motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

### III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant's motion is successive, and he must seek authorization from the Eleventh Circuit in order for this Court to consider it. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV.  Conclusion

Based on the foregoing, **I RECOMMEND** that Movant's § 2255 motion [Doc. 125] be **DISMISSED** as successive.

**I FURTHER RECOMMEND** that Movant's motion to appoint counsel [Doc. 126] be **DENIED** as moot, and that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 2nd day of January, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)